SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**PAMELA PAASO, TXSB# 24060371**
Assistant United States Attorney
pamela.paaso@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:24-cr-00458-MO |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **MARQUISE ZAINE PHILLIP BOISE,** | |
| Defendant. | |

**Introduction**

Defendant assaulted his intimate partner (Adult Victim 1 or AV1) leaving AV1 bloodied and injured. The government recommends that the Court impose a sentence of 18 months' imprisonment, a three-year term of supervised release, and a $100 special assessment.

/ / /

/ / /

/ / /

**Government's Sentencing Memorandum**                                                                 **Page 1**

**Factual Background**

A.    **The Offense Conduct**

On November 16, 2024, Warm Springs Police (WSPD) were dispatched to a reported assault at an apartment on the Warm Springs Indian reservation. Police spoke with AV1's cousin who reported finding AV1 bloody and beat up after AV1 called for help. The responding WSPD officer described a trail of blood in the apartment leading to AV1 sitting on the floor with a swollen nose, lips and left eye, swollen to the size of an orange.

AV1 reported being hit three times in the face by Boise, AV1's boyfriend, and described the pain as a ten on a scale of one to ten. AV1 was transported to St. Charles Hospital in Madras for treatment. As a result of the assault, AV1 sustained serious bodily injury, specifically a fractured cheekbone and bruising to the back of the eye.

In an interview with the FBI several days later, AV1 described a verbal argument becoming physical, with Boise attempting to take AV1's purse and AV1 resisting. AV1 said Boise punched AV1 once in the eye, but she maintained control of the purse and then he punched her twice in the face.

B.    **The Charges**

Defendant was charged in two count indictment with assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153, and robbery in violation of 18 U.S.C. §§ 2111 and 1153. The government will move to dismiss the robbery count at sentencing.

C.    **The Plea Agreement & Guideline Computations**

On December 17, 2025, defendant entered a guilty plea. Pursuant to the plea agreement, the government will also, subject to the limitations set forth in the agreement, recommend that defendant receive a three-level reduction for acceptance of responsibility. The government

agrees with the guideline computation in the Presentence Report (PSR), including the adjustment for serious bodily injury.

### Government's Recommended Sentence

Defendant struck AV1 in the face with his fist three times in the midst of an argument. He appears to have recognized the severity of the injuries given his feeble attempt to assist AV1. The violence of this assault and the scope of AV1's injuries warrant a significant sentence. At the time of the assault, defendant was subject to a restraining order involving an individual other than AV1. His criminal history includes prior misdemeanor tribal convictions that are not counted toward his criminal history.

While on pretrial release, defendant successfully completed a residential program at Volunteers of America, suggesting potential success on post-prison supervision and beyond. Defendant struggled to maintain compliance with pretrial conditions after he completed the program and ultimately returned to custody. To his credit, defendant was temporarily released from custody overnight in February and returned to custody without incident. On balance, the seriousness of this offense warrants a eighteen-month prison sentence.

### Restitution & Victim Impact

The government has not received any victim impact statements (VIS), however, the government anticipates that AV1 may provide a statement prior to sentencing. If the government receives any VIS prior to sentencing, copies will be provided to the Court and defense upon receipt to fulfill its statutory obligations under the Crime Victims' Rights Act. *See* 18 U.S.C. § 3771(a)(4) (providing that victims shall have the "right to be reasonably heard at any public proceeding in the district court involving release, plea, [or] sentencing"); 18 U.S.C. § 3771(c)(1) ("Officers and employees of the Department of Justice . . . shall make their best efforts to see

that crime victims are notified of, and accorded, the rights described in [18 U.S.C. § 3771(a)]"). Any VIS will be presented on behalf of the victim.

The government has not received any restitution requests as of this date.

**Conclusion**

Based on the foregoing, the government joins the Probation Office in recommending that this Court impose a sentence of eighteen months, followed by a three-year term of supervised release, subject to the standard and special conditions, and a special assessment in the amount of $100.

Dated: March 11, 2026                    Respectfully submitted,

                                         SCOTT E. BRADFORD
                                         United States Attorney


                                         */s/ Pamela Paaso*
                                         PAMELA PAASO, TXSB #24060371
                                         Assistant United States Attorney